IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDDIE R. FELDER | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv10 |
| R.D. MILES, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eddie R. Felder, an inmate formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled action against R.D. Miles, the Solicitor General, the United States Bureau of Prisons, and the University of Texas Medical Branch.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed for failing to exhaust administrative remedies and as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

Plaintiff has failed to allege or demonstrate he exhausted the administrative remedy procedure proscribed by the Tort Claims Act. *See* 28 U.S.C. §§ 2675, *et seq.* Therefore, any claim

brought pursuant to the Federal Tort Claims Act must be dismissed for failure to exhaust administrative remedies. Further, plaintiff's prison grievance was answered by the Administrator for National Inmate Appeals on October 21, 2003; however, this action was not filed until January 9, 2006. Thus, any claim exhausted through the prison remedies procedure is barred by limitations. Finally, any claim not included in, or occurring after, plaintiff's grievances which were exhausted October 21, 2003 are dismissed for failing to exhaust administrative remedies pursuant to § 42 U.S.C. 1997e.

Plaintiff argues that he should be entitled to tolling for periods during which he was treated, as well as when he was quarantined. Plaintiff admits that he began pursuing his administrative remedies on February 3, 2003. Additionally, plaintiff admits that, as of April 1, 2004, he was no longer impaired in any manner and he began to work on his claims which were eventually filed as the complaint in the above-styled action.

Equitable tolling is available only in that narrow class of cases in which a plaintiff's failure to comply with a limitation period is not the result of neglect.

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Using this standard, plaintiff's arguments for equitable tolling fail. Plaintiff failed to exercise due diligence in preserving his legal rights. Accordingly, plaintiff's claims are barred by limitations and should be dismissed.

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **20** day of **December, 2006.**

_____
Ron Clark, United States District Judge